UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

OMAR GALLARDO,

    Plaintiff,

v.

CST SERVICES, LLC, individually and d/b/a
VALERO,

    defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DISCRIMINATION and RETALIATION with JURY DEMAND**

    Plaintiff complains of discrimination and retaliation.

**Parties**

1.    Plaintiff is an individual and Citizen of the State of Texas. Plaintiff was born in 1958. Plaintiff's sex is male. Plaintiff is an employee.

2.    Defendant is a foreign corporation. Defendant is an employer. Defendant may be served with process by serving its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**Exhaustion of Administrative Procedures**

3.    Plaintiff timely filed a charge of discrimination and satisfied all administrative requirements for filing this suit. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission. See Exhibit 2. The United States Equal Employment Opportunity Commission issued its Dismissal and Notice of Rights letter giving Plaintiff 90 days to file suit. See Exhibit 3. This satisfied all administrative requirements for filing this suit.

**Jurisdiction and Venue**

4. Venue is proper in El Paso County, Texas, because this is a county where defendant does business, where the discriminatory practices occurred, and where the acts and omissions complained about occurred. This action arises under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e, et seq.

**Facts**

5. Defendant hired Plaintiff.

6. In 2015, defendant transferred Plaintiff to work as a store manager in El Paso County, Texas.

7. In March 2016 Plaintiff opposed defendant's sexual harassment and discrimination by another employee of defendant, specifically Mario Moreno, assistant area manager, who made sexually degrading comments about and to a young female Isabelle Carrillo.

8. Plaintiff reported and complained of the sexually harassment of Mario Moreno to defendant.

9. Isabelle Carrillo also reported and complained of the sexual harassment of Mario Moreno to defendant.

10. After Plaintiff opposed the sexual harassment and sexual discrimination, defendant retaliated against Plaintiff by subjecting him to a hostile work environment.

11. Plaintiff further complained to defendant of the retaliation.

12. Isabelle Carrillo was constructively discharged.

13. Defendant discharged Plaintiff on June 20, 2016.

14. Defendant replaced Plaintiff with a lesser qualified younger person.

## Count I.

### Violations of Title VII of the Civil Rights Act - Sex

15. The above described conduct of Defendant violated Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. 2000e, et seq. Defendant discriminated against Plaintiff because of her Race and/or National Origin.

## Count II.

### Violations of Title VII of the Civil Rights Act - Retaliation

16. The above described conduct of Defendant violated Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. 2000e, et seq. Defendant retaliated against Plaintiff for Plaintiff engaging in the protected activity of complaining of and opposing defendant's unlawful employment practices of defendant's discrimination.

## Count III.

### Violations of the Age Discrimination in Employment Act - Age

17. The above described conduct of Defendant violated the Age Discrimination in Employment Act of 1967, as amended, and codified at 29 U.S.C. 621, et seq. Defendant discriminated against Plaintiff because of her Age.

## Count IV.

### Violations of the Age Discrimination in Employment Act - Retaliation

18. The above described conduct of Defendant violated the Age Discrimination in Employment Act of 1967, as amended, and codified at 29 U.S.C. 621, et seq. Defendant retaliated against Plaintiff for Plaintiff opposing defendant's unlawful discriminatory practices and/or Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation.

### Damages

19. As a direct and proximate result of defendant's conduct against Plaintiff as described above he has suffered injuries and damages. Plaintiff's damages include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff has further suffered additional consequential damages. Plaintiff asks that the jury set the amount of his compensatory damages. The above described conduct of defendants, constitutes the type of conduct for which punitive damages may be awarded in that it was intentional and willful. Plaintiff asks that the jury set the amount of exemplary damages against defendant.

### Attorney's Fees and Expert Fees

20. Plaintiff is entitled to attorney's fees and expert fees as allowed by Title VII and the ADEA.

### Jury Demand

21. Plaintiff demands a jury trial.

### Prayer

22. For these reasons, Plaintiff asks that defendant be cited to appear and answer, and, on final trial, that Plaintiff have judgment against defendant for the following:

    a. general damages;

    b. special damages;

    c. punitive damages as determined by the jury;

    d. prejudgment interest as provided by law;

    e. attorney's fees and expert fees;

    f.    postjudgment interest as provided by law;

    g.    court costs and all costs of suit;

    h.    such other and further relief to which Plaintiff may be justly entitled at law and equity.

Respectfully submitted,

LAW FIRM OF DANIELA LABINOTI, P.C.
707 Myrtle
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*_____
DANIELA LABINOTI
New Mexico State Bar No. 27422

BRETT DUKE, P.C.
4157 Rio Bravo
El Paso, Texas 79902
(915) 875-0003
(915) 875-0004 (facsimile)
brettduke@brettduke.com

*/s/ Brett Duke*_____
Brett Duke
Texas Bar No. 24012559
New Mexico Bar No. 14633